UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANGELA ARIAS,
        *Plaintiff*,

v.

CHESTER HARHUT and MARJORIE BARLOW,
        *Defendants.*

Civil Action No. 18-2976

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    Plaintiff Angela Arias ("Plaintiff" or "Arias") seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. Specifically, Plaintiff fails to plausibly plead a claim.

    Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

    However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for

failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

The allegations in this case are not clear. Plaintiff repeatedly stylizes her Complaint as a "motion to set aside judgement fraud [sic] upon the court rule 60(b)(3) extrinsic fraud." *See, e.g.,* D.E. 1 at 6. The Complaint seems to allege some wrongdoing by Chester Harhut and Marjorie Barlow in a child custody proceeding in the "Trial Court of Common Pleas of Lackawanna County," but Plaintiff's specific allegations are largely incomprehensible. As best as the Court can tell, Harhut is alleged to be a Pennsylvania state judge and Barlow is an attorney. The Court believes that the Pennsylvania matter concerned child custody or visitation issues but it is not entirely clear.

The Complaint allege the following:

> Court Officers [sic] Chester Harbut trespasses of the Law and Trespasses the defendant Angela Arias legal rights. Causing Harm,

> Emotional distress and Loss of Statutory Entitlement a Judicial Proceeding Rights and Loss of the constitutional Contract-Law Rights and loss of 14th Amendment Due Process a Judicial Proceeding Rights and a violation of Oaths of Justice also a Judicial Rights Proceedings Deprive [sic].

*Id.* at 11. On the same page, Plaintiff also claims that "Marjorie Barlow trespasses on defendant legal rights by not performing her judicial function." *Id.* Later, Plaintiff states that "[t]he court Officers Marjorie Barlow and Mr. Harhut encouraged Ms. Veronica Stewart not to return the child." *Id.* at 14. Plaintiff also indicates that she brings suit pursuant to the following

> Civil-Action Penalties 1171.5 1171.11—15 U.S.C. 45 for Trespassing of certain protection [sic]," "and [rights] guaranteed to her by the first, Fifth, Eight, ninth and Fourteenth Amendments (select which apply) to the federal Constitution, by the Plaintiff claim under 28 U.S.C. §1343-U.S. Code—Annotated title 28 Judiciary and Judicial Procedure §1343 rights and elective franchise & Involves the obtaining of property from another under color of official right. It is the wrongful taking by a Public Officer of property not due to him. 42 U.S. Code §1985 (2017) Extortion under color of Official Right Legal—Law.

*Id.* at 16.

The Complaint continues with additional statements about different laws and legal doctrines. Plaintiff also repeatedly cites to different judicial canons as well as Pennsylvania municipal law. She also includes employment law and *respondeat superior* allegations. Later, in attachments to her Complaint, Plaintiff seems to allege that her custody over a child was terminated and that the termination was unlawful. *See* D.E. 1-4 at PageID: 73.

Even construed liberally, the Court cannot ascertain any clear alleged federal causes of action in the Complaint. To be sure, the Complaint cites numerous constitutional provisions as well federal statutes, but their bearing on the limited factual allegations is unclear. Reading the Complaint as liberally as possible, Plaintiff appears to allege (in part) that there was some wrongdoing by court employees, including Harhut and Barlow, during a custody proceeding.

3

Beyond that allegation, the Court is unsure of Plaintiff's legal theories. Therefore, Plaintiff fails to plausibly plead any cause of action and her Complaint is dismissed.

Because Plaintiff is proceeding *pro se*, the Court informs her that if she is attempting to bring a constitutional claim pursuant to 42 U.S.C. § 1983 concerning a judge's rulings in an official court proceeding, she should be aware of the doctrine of judicial immunity. *See, e.g, Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (recognizing that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly"); *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) ("The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages."). Additionally, to the extent that Plaintiff is seeking to overturn a state court's family law ruling, Plaintiff needs to be aware of the *Rooker–Feldman* doctrine. "The *Rooker–Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 305, 315 (3d Cir. 2014). The Third Circuit has ruled that the doctrine applies once four elements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir.

2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). If the *Rooker-Feldman* doctrine applies, this Court will abstain from hearing Plaintiff's claims.[1]

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile primarily because the Court cannot determine what the claims are. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint[2] that cures the deficiencies set forth herein, including a clear recitation of pertinent facts, setting forth a specific cause (or causes) of action, and indicating which alleged facts support the cause(s) of action. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendants concerning the allegations in the Complaint. An appropriate form of Order accompanies this Opinion.

Dated: April 2, 2018

John Michael Vazquez, U.S.D.J.

---

[1] Plaintiff should also consider whether any applicable statute(s) of limitations under Pennsylvania law may bar her claims.

[2] If Plaintiff does file an amended complaint that the Court finds sufficient, Defendants are not precluded from filing a motion to dismiss pursuant to Rule 12(b)(6). The Court's role at this stage is to perform a screening function. The Court's ruling does not prejudice Defendants from litigating the matter as they see fit.

5